Jyoti M. Halsband, Esq.
**KIM & BAE, P.C.**
2160 North Central Road, Suite 303
Fort Lee, New Jersey 07024
T: (201) 585-2288
F: (201) 585-2246
E: jhalsband@kimbae.com
Attorneys for the Plaintiff John Yu and Nizi Sushi, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------x
JOHN YU and NIZI SUSHI, INC.            :
                                        :
            Plaintiffs,                 :
      v.                                :         Civil Action No.:
                                        :
NICKS PUB LIMITED LIABILITY             :
COMPANY d/b/a NIZI SUSHI,               :         **COMPLAINT WITH**
NIZI SUSHI JAPANESE RESTAURANT          :         **JURY DEMAND**
AND BAR, NIZI SUSHI RUTHERFORD,         :
LLC, SE HO LEE, NICHOLAS YOURTH,        :
JOHN DOES 1-100 and                     :
ABC CORPORATIONS 1-100                  :
                                        :
            Defendants.                 :
------------------------------------------------------------x

Plaintiffs, John Yu and Nizi Sushi, Inc., hereby file this Complaint for, inter alia, trademark infringement, unfair competition, cybersquatting and related claims against Defendants Nicks Pub Limited Liability Company d/b/a Nizi Sushi, Nizi Sushi Japanese Restaurant and Bar, Nizi Sushi Rutherford, LLC, Se Ho Lee, Nicholas Yourth, John Does 1-100 and ABC Corporations 1-100 and allege as follows:

## PARTIES

1. Plaintiff, John Yu (hereinafter "Yu"), is an adult male resident of the State of New Jersey.

2. Plaintiff, Nizi Sushi, Inc. is a corporation organized under New Jersey law and maintains a principal place of business at 300 Union Avenue, Rutherford, New Jersey.

1

3. Defendant Nicks Pub Limited Liability Company d/b/a Nizi Sushi (hereinafter "Nicks") is a limited liability company organized under New Jersey law.

4. Nicks maintains a place of business at 28 Central Avenue, Newark, New Jersey.

5. Nizi Sushi Japanese Restaurant and Bar is an unincorporated entity with a place of business at 28 Central Avenue, Newark, New Jersey.

6. Nizi Sushi Rutherford, LLC is a limited liability company organized under New Jersey law.

7. Se Ho Lee (hereinafter "Lee") is an adult male resident of the State of New Jersey.

8. Nicholas Yourth (hereinafter "Yourth") is an adult male resident of the State of New Jersey with a business address of 28 Central Avenue, Newark, New Jersey.

9. John Does 1-100 and ABC Companies 1-100 are either engaging in the same or similar conduct alleged in this Complaint, or are acting in conjunction with the other named Defendants. Their identities are presently unknown. If their identities become known, this Complaint will be amended to identify them.

**JURISDICTION AND VENUE**

10. This is an action against all named Defendants for trademark infringement under the Lanham Act, 15 U.S.C. § 1051, et seq., for dilution under the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1115(d), unfair competition under N.J.S.A. 56:4-1, and under common law.

11. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the New Jersey statutory and common law claims under 28 U.S.C. § 1367(a).

12. Jurisdiction over the New Jersey statutory and common law counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claims and the state causes of action.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the state law claims which are joined with the federal trademark infringement and unfair competition claims.

14. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Ownership of the NIZI SUSHI Mark

15. Yu is the owner of the entire right, title and interest in the federally-registered trademark and service mark NIZI SUSHI, issued by the United States Patent and Trademark Office (hereinafter "USPTO") on September 15, 2015 under Registration Number 4,821,855 in Class 43 for "restaurant and bar services, including restaurant carryout services." Attached as Exhibit A are true and accurate copies of the certificate of registration for the federally-registered trademark and service mark NIZI SUSHI and recorded assignment document.

16. The NIZI SUSHI trademark registration is valid, in full force, unrevoked, uncancelled and incontestable.

### Lee Sold the Nizi Sushi Name and Goodwill in July 2012

17. On or about July 2, 2012, Defendant Lee was an owner, officer or member of the Board of Directors of non-party Nizi Corp.

18. On or about July 2, 2012 Lee, through Nizi Corp., owned and operated a Japanese restaurant called "Nizi Sushi" at 300 Union Avenue, Rutherford, New Jersey.

19. Upon information and belief, the "Nizi Sushi" Japanese restaurant in Rutherford had been in business since 2008 or earlier.

20. On or about July 2, 2012, Nizi Corp. and Lee, as an owner, officer or member of the Board of Directors of Nizi Corp., entered into a contract for sale of business (hereinafter "Contract of Sale") wherein Lee agreed to sell the assets of a business consisting of a Japanese restaurant located at 300 Union Avenue, Rutherford, New Jersey and all of its inventory, accounts receivables, fixtures, licenses, good will, trade name, telephone number and books and records, to Chong Y. Yu, Plaintiff Yu's wife, (hereinafter "Mrs. Yu").

21. Lee signed the Contract of Sale as President of Nizi Corp.

22. In the Contract of Sale, Lee, acting as a principal of Nizi Corp., represented that it used the name "Nizi Corp." and "Nizi Sushi."

23. In the Contract of Sale, Lee, acting as a principal of Nizi Corp., agreed that Mrs. Yu, as buyer, will have the right to use the trade name "Nizi Sushi."

24. The Contract of Sale was consummated and finalized on or about August 21, 2012.

25. Nizi Corp. was dissolved on or about in or about 2013.

### Plaintiffs' Operation of the Nizi Sushi Restaurant and Ownership of the NIZI SUSHI Trademark

26. Plaintiff Nizi Sushi, Inc. was incorporated on June 27, 2012 under the laws of the State of New Jersey.

27. Plaintiff Yu is a member of the Board of Directors of Nizi Sushi, Inc.

28. Plaintiff Yu is an owner of Nizi Sushi, Inc.

29. After the Contract of Sale was consummated and finalized, Plaintiffs assumed ownership and operation of the "Nizi Sushi" Japanese restaurant in Rutherford, New Jersey.

30. Plaintiffs, since the date of the consummation of the Contract of Sale have continuously to the date of this Complaint, owned and operated the "Nizi Sushi" Japanese restaurant in Rutherford, New Jersey under the "Nizi Sushi" name.

31. On September 15, 2015, the USPTO registered the trademark and service mark NIZI SUSHI under Registration Number 4,821,855 in Class 43 for "restaurant and bar services, including restaurant carryout services" to Mrs. Yu. See Exhibit A, attached herewith.

32. On September 6, 2018, Mrs. Yu assigned the entire right, title and interest in the federally registered trademark NIZI SUSHI to Yu.

33. On September 7, 2018 the USPTO recorded the assignment of all ownership rights in the NIZI SUSHI trademark from Mrs. Yu to Yu. See Exhibit A, attached herewith.

34. Over the years prior to and after Plaintiffs' assumption of ownership and operation of the "Nizi Sushi" restaurant in Rutherford, New Jersey, diners have become loyal to Plaintiffs and expect high-quality sushi and Japanese cuisine when dining at "Nizi Sushi."

35. Plaintiffs advertise their restaurant under the website www.nizisushirutherford.com.

### Defendants' Intentional Appropriation and Use of the Nizi Sushi Name and NIZI SUSHI Mark

36. Defendants own and operate a Japanese sushi restaurant also called "Nizi Sushi" located at 28 Central Avenue, Newark, New Jersey (hereinafter "Infringing Restaurant").

37. The Infringing Restaurant was opened in or about late 2012 or during 2013, which was right after the Contract of Sale was consummated and finalized.

38. Upon information and belief, Defendants also own and/or operate the websites www.nizi-sushi.com and www.nizisushinewark.com, which websites direct users to information about the Infringing Restaurant (hereinafter, "Infringing Websites").

39. Defendants capitalize on the goodwill and loyalty of customers from "Nizi Sushi" in Rutherford, New Jersey by operating the Infringing Restaurant and Infringing Websites.

40. The Infringing Websites, particularly www.nizi-sushi.com, states "Nizi Sushi has recently moved to Downtown Newark, NJ. Our new location has the same familiar family faces from our previous Rutherford location."

41. Defendants' use of the name "Nizi Sushi" and the NIZI SUSHI Mark has caused customer confusion and is likely to cause diners and potential diners to mistakenly believe that there is an affiliation between Plaintiffs and the Infringing Restaurant and Infringing Websites, or that Plaintiffs have endorsed the Infringing Restaurant and Infringing Websites, that Plaintiffs have approved of the Infringing Restaurant and Infringing Websites, or that Plaintiff's restaurant "Nizi Sushi" in Rutherford is no longer in operation at the Rutherford location.

42. Customer confusion is particularly likely because Defendants and the Infringing Restaurant use the exact same name as NIZI SUSHI Mark, serve the same Japanese-style food, such as sushi, and the two restaurants operate within 9 miles of each other.

43. Defendants have, at all relevant times, been aware of Plaintiffs' trademark rights in the NIZI SUSHI Mark, as well as the goodwill that Plaintiffs have in the NIZI SUSHI Mark and "Nizi Sushi" name.

44. Despite actual knowledge of Plaintiffs' rights in the NIZI SUSHI Mark and "Nizi Sushi" name, and despite Lee's sale of the "Nizi Sushi" name and all of its goodwill, Defendants, and in

particular Lee, opened and operated the Infringing Restaurant and operate the Infringing Websites in willful disregard of Plaintiffs' trademark and common law rights.

45. Upon information and belief, Defendants are in the process of opening another Japanese and sushi restaurant also named "Nizi Sushi" within Rutherford, New Jersey, which will cause additional customer confusion and dilution of the NIZI SUSHI Mark.

46. Upon information and belief, Defendants Lee and Yourth formed the Defendant entity Nizi Sushi Rutherford LLC with the intent and purpose of opening another Japanese and sushi restaurant also named "Nizi Sushi" within Rutherford, New Jersey, which will cause additional customer confusion and dilution of the NIZI SUSHI Mark.

47. Plaintiffs believe they have lost customers, potential customers, and potential business opportunities as a result of the confusion caused by Defendants' willful misuse, misappropriation and infringement of the NIZI SUSHI Mark.

48. Plaintiffs' attorneys sent a letter dated August 14, 2018 to Defendant Lee outlining Plaintiffs' concerns regarding the Infringing Restaurant.

49. Despite being put on notice of the infringement, Defendant has refused to cease its infringement of the NIZI SUSHI Mark.

50. Defendants' unlawful actions have caused, and will continue to cause, Plaintiffs irreparable harm unless enjoined.

51. Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiffs.

52. Defendants' unlawful actions have caused Plaintiffs monetary damages in an amount to be demonstrated at trial.

53. Plaintiffs have been damaged by Defendants' unfair competition and are entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

54. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover all of Defendants' profits, Plaintiffs' damages, as well as the costs of this action. The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Plaintiffs to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a)

## COUNT I

### Trademark Infringement Under 15 U.S.C. § 1141(1)

55. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as if the same were set forth in full herein.

56. Defendants' use of the NIZI SUSHI Mark and "Nizi Sushi" name is without the consent, permission, or authority of the Plaintiffs.

57. Defendants' use in commerce of the NIZI SUSHI Mark and "Nizi Sushi" name is and has caused confusion or caused mistake and deceived or is likely to deceive consumers by suggesting that Defendants' services are offered by, affiliated with or endorsed by Plaintiffs.

58. Defendants' use in commerce of the NIZI SUSHI Mark and "Nizi Sushi" name is a knowing and willful infringement of Plaintiff's rights within the meaning of 11 U.S.C. § 1114(1)(a).

59. Defendants have at all relevant times been aware that Plaintiffs own the NIZI SUSHI Mark and "Nizi Sushi" name, especially since Lee sold the "Nizi Sushi" name and goodwill in the Contract of Sale.

60. Further, even after the issue of its infringement was formally asserted by Plaintiffs, Defendants have failed to cease their infringement.

61. Defendants have unlawfully and wrongfully derived, and unless enjoined, will continue to derive income and profits from its infringing conduct.

62. Plaintiffs have been and are likely to be damaged by Defendants' wrongful conduct in terms of likely lost customers, lost business opportunities in marketing and franchising the NIZI SUSHI Mark and damage to the goodwill associated with the NIZI SUSHI Mark.

## COUNT II

### Unfair Competition Under 15 U.S.C. § 1125(a)

63. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as if the same were set forth in full herein.

64. Defendants' acts, practices and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions and/or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others of the affiliation, connection, or association of the parties in violation of 15 U.S.C. § 1125(a).

65. Defendants have unlawfully and wrongfully derived, and, unless enjoined, will continue to derive income and profits from their wrongful conduct.

66. Defendants have willfully undertaken the activities above and willfully intended to trade upon the goodwill of Plaintiffs and the NIZI SUSHI Mark.

67. Plaintiffs have been and are likely to be damaged by Defendants' wrongful conduct in terms of likely lost customers, lost business opportunities in marketing and franchising the NIZI SUSHI Mark and damage to the goodwill associated with the NIZI SUSHI Mark.

68. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover all of Defendants' profits, Plaintiffs' damages, as well as the costs of this action. The intentional nature of Defendants'

unlawful acts renders this an "exceptional case," entitling Plaintiffs to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT III

### Trademark Dilution Under 15 U.S.C. § 1125(c)

69. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as if the same were set forth in full herein.

70. Plaintiffs' NIZI SUSHI Mark is widely recognized as designating restaurant and bar services in Rutherford, New Jersey as described above.

71. Plaintiffs' use of the NIZI SUSHI Mark and "Nizi Sushi" name became widely recognized as designating restaurant and Japanese-style dining services as described above before Defendants' first use of the NIZI SUSHI Mark or "Nizi Sushi" name.

72. Defendants' use of the NIZI SUSHI Mark impairs the distinctiveness and is likely to cause dilution of Plaintiffs' NIZI SUSHI Mark.

73. Defendants' unlawful actions have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined.

74. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover all of Defendants' profits, Plaintiffs' damages, as well as the costs of this action. The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Plaintiffs to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT IV

### Cybersquatting Under 15 U.S.C. § 1125(d)

75. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as if the same were set forth in full herein.

76. Upon information and belief, Defendants are the owners of the domain names www.nizi-sushi.com and www.nizisushinewark.com.

77. Upon information and belief, Defendants have a bad faith intent to profit from the registration and use of the Internet domain name www.nizi-sushi.com and www.nizisushinewark.com by creating an association with Plaintiff's NIZI SUSHI Mark and its website, www.nizisushirutherford.com.

78. The domain name www.nizi-sushi.com and www.nizisushinewark.com is confusingly similar to, and dilutes the distinctive quality of Plaintiff's NIZI SUSHI Mark.

79. Plaintiffs have been damaged by Defendants' unlawful use of the www.nizi-sushi.com and www.nizisushinewark.com domain names and will suffer irreparable harm.

80. Defendants' acts, as aforesaid, are in violation of 15 U.S.C. § 1125(d).

81. As a result of Defendants' intentional, willful acts, Plaintiffs have been damaged and are entitled to compensatory and statutory damages.

## COUNT V

### Unfair Competition Under N.J.S.A. 56:4-1 and 56:4-2 and common law

82. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as if the same were set forth in full herein.

83. Defendants' acts, practices and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions and/or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others of the affiliation, connection, or association of the parties in violation of N.J.S.A. 56:4-1.

84. Defendants have unlawfully and wrongfully derived, and, unless enjoined, will continue to derive income and profits from their wrongful conduct.

85. Defendants have willfully undertaken the activities above and willfully intended to trade upon the goodwill of Plaintiffs and the NIZI SUSHI Mark.

86. Plaintiffs have been and are likely to be damaged by Defendants' wrongful conduct in terms of likely lost customers, lost business opportunities in marketing and franchising the NIZI SUSHI Mark is and damage to the goodwill associated with the NIZI SUSHI Mark.

87. Pursuant to N.J.S.A. 56:4-2, Plaintiffs are entitled to injunctive relief and recovery of all direct and indirect damages, trebled within the discretion of the Court.

## JURY TRIAL DEMANDED

Plaintiffs respectfully request a trial by jury on all issues properly triable by a jury in this action.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs pray that the Court enter judgment:

1. In favor of Plaintiffs and against Defendants on all of Plaintiffs' claims;

2. Enjoining and restraining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys and all others in active concert or participation with Defendants, during the pendency of this action and thereafter permanently from:

    a. Doing business or operating website under the name NIZI SUSHI or any other names that contain NIZI or any derivation or variation thereof;

    b. Using the NIZI SUSHI Mark or any confusingly similar designation alone or in combination with other words or designs, as a trademark, trade name component or otherwise, to market, advertise, or identify products and services not produced or authorized by Plaintiffs;

    c. Otherwise infringing upon Plaintiffs' rights in the NIZI SUSHI Mark;

    d. Unfairly competing with Plaintiffs in any manner whatsoever;

    e. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiffs' NIZI SUSHI Mark, symbols, labels, or forms of advertisement;

    f. Using in any manner the phrase NIZI SUSHI or NIZI or any other names that contain NIZI or any derivation or variation thereof;

    g. Committing any other act or making any other statement that infringes Plaintiffs' trademark or constitutes an act of trademark infringement, trademark dilution, unfair competition under federal statutory law or New Jersey state law or common law;

3. Requiring Defendants to permanently remove, or cause to be permanently removed, the NIZI SUSHI designations from its' places of business;

4. Requiring Defendants to deliver up, or cause to deliver up, for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, menus, cards, and all other materials in the possession or control of Defendants that infringe upon the SUSHI NIZI Mark;

5. Requiring Defendants to account for and pay over to Plaintiffs the Defendants' profits and all damages sustained by Plaintiffs;

6. Awarding statutory damages of not less than $1,000 and not more than $100,000 per domain name, or as the court considers just.

7. Trebling the amount of damages awarded Plaintiff pursuant to 15 U.S.C. §§ 1114 and 1117 and N.J.S.A. 56:4-2;

8. Awarding Plaintiffs' their attorneys' fees, costs, and expenses pursuant to 15 U.S.C. §§ 1114 and 1117 and other applicable laws;

9. Awarding Plaintiffs such other and further relief as the Court may deem just and equitable.

Dated: September 10, 2018

                                                Respectfully submitted,
                                                KIM & BAE, P.C.

                                                By: s/Jyoti M. Halsband
                                                Jyoti M. Halsband, Esq.
                                                KIM & BAE, P.C.
                                                2160 North Central Road, Suite 303
                                                Fort Lee, New Jersey 07024
                                                T: (201) 585-2288
                                                F: (201) 585-2246
                                                E: jhalsband@kimbae.com
                                                Attorneys for the Plaintiff John Yu and Nizi Sushi, Inc.

## **L.CIV. R. 11.2 CERTIFICATION**

I hereby certify that to the best of Plaintiffs' knowledge, the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative hearing.

Dated: September 10, 2018

                                              Respectfully submitted,
                                              KIM & BAE, P.C.

                                              By: s/Jyoti M. Halsband
                                              Jyoti M. Halsband, Esq.
                                              KIM & BAE, P.C.
                                              2160 North Central Road, Suite 303
                                              Fort Lee, New Jersey 07024
                                              T: (201) 585-2288
                                              F: (201) 585-2246
                                              E: jhalsband@kimbae.com
                                              Attorneys for the Plaintiff John Yu and Nizi
                                              Sushi, Inc.

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# NIZI SUSHI

**Reg. No. 4,821,855**
**Registered Sep. 29, 2015**
**Int. Cl.: 43**

**SERVICE MARK**

**PRINCIPAL REGISTER**

YU, CHONG Y. (UNITED STATES INDIVIDUAL), DBA NIZI SUSHI
NIZI SUSHI
300 UNION AVE
RUTHERFORD, NJ 07070

FOR: RESTAURANT AND BAR SERVICES, INCLUDING RESTAURANT CARRYOUT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 7-2-2012, THE MARK WAS FIRST USED ANYWHERE IN A DIFFERENT FORM OTHER THAN THAT SOUGHT TO BE REGISTERED AT LEAST AS EARLY AS 07/02/2012; IN COMMERCE 7-2-2012, THE MARK WAS FIRST USED IN COMMERCE IN A DIFFERENT FORM OTHER THAN THAT SOUGHT TO BE REGISTERED AT LEAST AS EARLY AS 07/02/2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SUSHI", APART FROM THE MARK AS SHOWN.

THE WORDING "NIZI" HAS NO MEANING IN A FOREIGN LANGUAGE.

SER. NO. 86-527,838, FILED 2-7-2015.

JOHN HWANG, EXAMINING ATTORNEY



Michelle K. Lee
Director of the United States
Patent and Trademark Office



UNITED STATES PATENT AND TRADEMARK OFFICE
UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND
DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

```
SEPTEMBER 7, 2018
                                        PTAS

JYOTI M. HALSBAD                              900465021
KIM & BAE, P.C., 2160 N. CENTRAL RD.,
ST
FORT LEE, NJ 07024



             UNITED STATES PATENT AND TRADEMARK OFFICE
             NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT RECORDATION BRANCH
OF THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE COPY IS AVAILABLE AT THE
ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION
CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE PATENT
AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR HAVE
QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE ASSIGNMENT RECORDATION
BRANCH AT 571-272-3350. PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT
AND TRADEMARK OFFICE, MAIL STOP: ASSIGNMENT RECORDATION BRANCH, P.O. BOX
1450, ALEXANDRIA, VA 22313.


RECORDATION DATE: 09/06/2018          REEL/FRAME: 6430/0191
                                      NUMBER OF PAGES: 3

BRIEF: ASSIGNS THE ENTIRE INTEREST

ASSIGNOR:
   YU, CHONG Y.                       DOC DATE: 09/05/2018
                                      CITIZENSHIP: UNITED STATES
                                      ENTITY: INDIVIDUAL

ASSIGNEE:
   YU, JOHN                           CITIZENSHIP: UNITED STATES
                                      ENTITY: INDIVIDUAL
   575 WINDSOR DRIVE
   PALISADES PARK, NEW JERSEY 07650

SERIAL NUMBER: 86527838               FILING DATE: 02/07/2015
REGISTRATION NUMBER: 4821855          REGISTRATION DATE: 09/29/2015
MARK: NIZI SUSHI
DRAWING TYPE: STANDARD CHARACTER MARK




ASSIGNMENT RECORDATION BRANCH
PUBLIC RECORDS DIVISION
```